IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDY SHUGART and JONATHAN GRAY, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) CASE NO. 2:08-cv-1016-MEF |
| | ) |
| BETH CHAPMAN in her official capacity as | ) |
| ALABAMA SECRETARY OF STATE, | ) |
| | )  (WO- Do Not Publish) |
| DEFENDANT. | ) |

### MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Beth Chapman, Secretary of State's Renewed Motion to Dismiss (Doc. # 11). The Court has carefully considered the arguments in support of and in opposition to the motion and finds that it is due to be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

Andy Shugart ("Shugart") alleges that he considered running as an independent candidate for the United States House of Representatives as a representative of Alabama's Sixth Congressional District. Jonathan Gray ("Gray") alleges that he is a registered voter and that he would support Shugart in the election if Shugart's name appeared on the ballot. Shugart and Gray contend that the portion of Alabama law setting the required number of signatures in support of an independent candidate for House of Representatives violates rights guaranteed by the First and Fourteenth Amendments of the United States Constitution as well as the Constitution of Alabama. They seek a declaratory judgment to that effect.

Alabama law requires that a person who wishes to appear on the ballot as an

independent candidate for the U.S. House of Representatives must file a petition containing signatures of qualified electors, the number of which "shall be equal or exceed three percent of the qualified electors who cast ballots for the office of Governor in the last general election." Ala. Code § 17-9-3(a)(3).  The parties agree that 6,155 signatures were required for purposes of the 2008 general election for House District 6.  In contrast, Alabama law requires a person seeking to appear on the Alabama ballot as an independent candidate for the office of President of the United States to submit a "written petition signed by at least 5,000 qualified voters of this state."  Ala. Code § 17-14-31(a).

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367.  Additionally, Defendant has not argued that the Court does not have personal jurisdiction over her.  Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).  Now, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 127 S. Ct. at 1974.  While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965.  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*.  It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."  *Id.* at 1968 (internal quotation and alteration omitted).  In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff.  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

## DISCUSSION

**A.  Federal Law Claims**

Relying on *Illinois State Board of Elections v. Socialist Workers Party*, 440 U.S. 173 (1979), Plaintiffs contend that a state cannot require more petition signatures for a district office than it does for a statewide office.  While Plaintiffs have not misstated the holding of *Illinois State Board*, they have overstated its applicability to the issue before this Court. While *Illinois State Board* addressed the difference between requirements to be on a

statewide ballot and those to be on a municipal ballot within that same state, this lawsuit challenges differences between requirements to be on the ballot to stand for election to a U.S. Congressional District and U.S. President. Thus, contrary to Plaintiffs' assertion this case does not ask the same question as *Illinois State Board*.

Defendant argues that two binding cases decided by the Circuit Courts of Appeals after *Illinois State Board* provide a much clearly guidance for the Court in deciding the issue before it. Defendant would have this Court dismiss the action pursuant to *Swanson v. Worley*, 490 F.3d 894 (11th Cir. 2007) and *Wilson v. Firestone*, 623 F.2d 245 (5th Cir. Unit B July 22, 1980).[1] In *Wilson*, the Court of Appeals upheld a lower court ruling which distinguished *Illinois State Board* and which approved a Florida requirement that an independent candidate wishing to appear on the ballot in the Presidential race had to obtain fewer signatures than did an independent candidate wishing to be on the ballot for a statewide office. In *Swanson*, the Court of Appeals upheld the constitutionality of Alabama's requirement that independent candidates seeking ballot access must submit a petition with the signatures of at least three percent of qualified electors who cast ballots at the last election. In so holding, the court considered an argument identical to one made by Plaintiffs in this case: that Alabama's three-percent signature requirement is too high as compared to the 5,000 signature requirement for presidential candidates. This Court agrees that taken

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

together these cases provide the answer to the questions presented by Plaintiffs' suit. The challenged statute is constitutional and works no violation of Plaintiff's rights under the United States Constitution. Accordingly, the Motion to Dismiss is due to be GRANTED as Plaintiffs' complaint fails to state a claim for which relief can be granted.

**B.  State Law Claims**

In addition to Plaintiffs' claims pursuant to 42 U.S.C. § 1983 in which they contend that Alabama law violates rights guaranteed by the United States Constitution, Plaintiffs' bring a similar claim in which they contend that the challenged portion of Alabama law violates the Alabama Constitution. *See* Doc. # 1 at ¶ 5e. This claim is before this Court pursuant to its supplemental jurisdiction. *Id.* The statutory provision addressing supplemental jurisdiction provides that

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Thus, Section 1367(a) provides a basis for this Court to exercise jurisdiction over Plaintiffs' claims against the defendant in this action pursuant to Alabama law because it has jurisdiction over Plaintiffs' related claims against Defendant pursuant to 42 U.S.C. § 1983. However, the requirement contained in § 1367(a) that this Court exercise its supplemental jurisdiction over Plaintiffs' state law claim is subject to certain enumerated instances in which it is appropriate for a federal court to decline to exercise its supplemental

jurisdiction over a case. Those circumstances are set forth in Section 1367(c), which provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Court finds that claim before this Court pursuant to § 1367(a) presents novel or complex issues of Alabama law. Additionally, the federal claims over which this Court had original jurisdiction have now been dismissed. Pursuant to 28 U.S.C. § 1367(c)(1) & (3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' claim pursuant to Alabama law. All of Plaintiffs' claim pursuant to Alabama law will accordingly be DISMISSED WITHOUT PREJUDICE. This dismissal should not work to Plaintiffs' disadvantage should they elect to bring suit in state court because the period of limitations for any of these claims is tolled during the pendency of this action. *See* 28 U.S.C. § 1367(d).

## CONCLUSION

For the foregoing reasons, the Court finds that all federal claims remaining in Plaintiffs' Verified Complaint for Declaratory Judgment over which this Court has original subject matter jurisdiction, are due to be DISMISSED. Having disposed of these claims, the

Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claim pursuant to Alabama law. Accordingly, it is hereby ORDERED as follows:

1. Defendant Beth Chapman, Secretary of State's Renewed Motion to Dismiss (Doc. # 11) is GRANTED.

2. All of Plaintiffs' claims pursuant to 42 U.S.C. § 1983 for declaratory relief against Chapman in her official capacity as Secretary of State are DISMISSED WITH PREJUDICE.

3. The Court declines to exercise supplemental jurisdiction over Plaintiffs' claim pursuant to Alabama law and such claim is DISMISSED WITHOUT PREJUDICE.

4. A separate final judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 23rd day of July, 2009.

                                            /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE